

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

January 7, 1974

The Honorable William J. Benardino
County Attorney
Montgomery County
Conroe, Texas 77301

Opinion No. H- 199

Re: The method of deter-
mining the number of
qualified voters for the
purposes of a local
option petition in a town
that is smaller than a
voting precinct.

Dear Mr. Benardino:

You have advised us that a local option election petition has been filed by citizens of Magnolia, an incorporated town. Magnolia is located in Montgomery County Voting Precinct 18, but does not constitute the entire area of the voting box.

Acts 1973, 63rd Leg., ch. 219, p. 508, § 2 (to be published as Vernon's Texas Penal Code Auxiliary Laws, Art. 666-32) provides in part:

> "When any such petition so issued shall within thirty days after the date of issue be filed with the county clerk bearing the actual signatures of as many as thirty-five percent of the qualified voters of any such county, justice precinct, or incorporated city or town, together with a notation showing the residence address of each of the said signers, together with the number that appears on his voter registration certificate, all of which information shall be in the actual handwriting of the signers of the petition, <u>taking the vote for Governor at the last preceding general election as the basis for determining the number of qualified voters in any such county, justice precinct, or incorporated city or town,</u> it is hereby required that the commissioners court at its next regular session shall order a local option election to be held upon the issue set out in such petition." (emphasis added)

You have indicated that there are no records which indicate how many residents of Magnolia voted in the governor's race in the last general election. The county clerk determined that 63 percent of registered voters in precinct 18 voted in the last election for governor. He then took 63 percent of the number of registered voters residing in Magnolia to determine the number of "qualified voters" for the purpose of the statute.

You ask if this method of determining the total number of qualified voters is legally sufficient.

The clerk and the commissioners court may adopt any means they think right and proper to ascertain whether the required number of voters signed the petition, so long as their action is based on reason and is not motivated by fraud, caprice or unfairness. Akers v. Remington, 115 S. W. 2d 714, 720 (Tex. Civ. App., Fort Worth, 1938, writ dism'd); Boynton v. Brown, 164 S. W. 893, 895 (Tex. Civ. App., San Antonio, 1914, writ ref'd). See also Attorney General Opinions C-266 (1964), C-263 (1964), WW-1356 (1962), O-7218 (1946).

We have found no cases or opinions which discuss the use of interpolation to determine the number of qualified voters within the city limits who voted in the last preceding general election; however, if a more accurate method is impossible or unreasonably burdensome, we believe the use of such a formula would not be an abuse of discretion.

## SUMMARY

If a more accurate method is impossible or unreasonably burdensome, the county clerk and commissioners court may use any fair and reasonable means to ascertain the number of signatures required on a local option election petition.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee